# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VALLES,<br><br>        Plaintiff,<br><br>   v.<br><br>E. GREENMAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-CV-1888 DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT WITHIN THIRTY DAYS OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT BROUHAS<br><br>(Doc. 8) |

### Screening Order

**I.     Screening Requirement**

Plaintiff Christopher Valles, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 9, 2008.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949. On April 3, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed a First Amended Complaint on April 30, 2009.

## II.     Plaintiff's Medical Care Claims

Plaintiff, who is housed at the Avenal State Prison, brings this action for violation of the Eighth Amendment of the United States Constitution. Plaintiff names Chief Medical Officer E. Greenman, Dr. Joseph Ortiz, R.N. Marca, M.T.A. Baouhas and P.A. Green as defendants. Plaintiff alleges inadequate medical treatment or care at Avenal State Prison.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical

treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### A. Defendant Ortiz

Plaintiff states that he suffers from an ulcer on his toe. Plaintiff states that he informed defendant Ortiz of his condition in December 2007 and that defendant Ortiz indicated that it was healed. In response to Plaintiff's complaints of pain, defendant Ortiz stated that he could not do anything until Plaintiff was seen by a podiatrist. Plaintiff alleges that another doctor, not defendant Ortiz, referred Plaintiff to a podiatrist on January 15, 2008. Plaintiff further alleges that in March 2008 he informed defendant Ortiz that his medication was given to another inmate bearing the same name and that defendant Ortiz failed to take appropriate action.

In order to state a cognizable Eighth Amendment claim based on inadequate medical care, Plaintiff must sufficiently allege that the named defendant(s) knew of and disregarded an excessive risk to Plaintiff's health or safety. Farmer, 511 U.S. at 837. Plaintiff's allegation that defendant Ortiz did not refer Plaintiff to a podiatrist does not demonstrate a knowing disregard to an excessive risk to Plaintiff's health, nor does his allegation that defendant Ortiz failed to correct an error over the dispensing of Plaintiff's medication. Plaintiff fails to state a cognizable claim against defendant Ortiz for violation of the Eighth Amendment.

### B. Defendants Marca

Plaintiff alleges that in late December 2007 he informed defendant Marca of his pain, and defendant Marca did nothing but make an inappropriate remark.

Plaintiff must allege facts showing that defendant Marca knew and disregarded an excessive risk to Plaintiff's health. Plaintiff's bare allegation that he informed defendant Marca that he was in pain, and that defendant Marca failed to properly respond, is not sufficient to state a claim for relief.

### C. Defendant Green

Next, Plaintiff alleges that on September 3, 2008, defendant Green refused to order therapy for Plaintiff's back pain and recommended that Plaintiff lose weight instead. Defendant Green further informed Plaintiff that a follow-up with the podiatrist was not required despite one having

3

been ordered by another P.A. Defendant Green also remarked that he was not required to follow a podiatrist's orders.

Plaintiff's allegation that Defendant Green did not believe a further follow-up was required, despite one being ordered by another P.A., does not constitute deliberate indifference. A difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). In addition, defendant Green's remark, although improper, does not amount to a constitutional violation. Plaintiff has not alleged any facts to suggest that defendant Green interfered with a physician's order or that defendant Green knew of and disregarded an excessive risk of harm to Plaintiff's health. Farmer, 511 U.S. at 837.

### D. Defendant Brouhas

Plaintiff states that he was under medical orders to have his dressings changed daily. Plaintiff states that defendant Brouhas began changing Plaintiff's bandages daily, but that after ten days she grew tired of doing so and gave Plaintiff bandages and soap to change his bandages himself. Plaintiff alleges that defendant Brouhas refused to give him more supplies once his were depleted, forcing Plaintiff to wrap his toe in toilet paper. Plaintiff states that many times his shoe would fill with blood.

Under the minimal federal notice pleading standard and liberally construing Plaintiff's amended complaint, the Court finds that Plaintiff states a claim against defendant Brouhas for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

### E. Defendant Greenman

Plaintiff alleges that defendant Greenman is responsible as Chief Medical Officer for the actions of her staff. Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal at 1948-49.

The first amended complaint sets forth no facts supporting a claim that Defendant Greenman personally "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health..." Farmer, 511 U.S.

1 at 837.  Because there is no vicarious liability under section 1983, Plaintiff's allegations that
2 Defendant Greenman is liable based on her position as Chief Medical Officer do not state a viable
3 claim for relief under section 1983.  Id. at 1948-49.

4 **III.     Conclusion and Order**

5       Plaintiff's First Amended Complaint states a claim against Defendant Brouhas for violation
6 of the Eighth Amendment.  However, Plaintiff allegations do not support claims against Defendants
7 Green, Greenman, Marca or Ortiz.  The Court will provide Plaintiff with the opportunity to file an
8 amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809
9 F.2d 1446, 1448-49 (9th Cir. 1987).

10       If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding
11 only against Defendant Brouhas, Plaintiff may so notify the Court in writing, and his other claims
12 will be dismissed for failure to state a claim.  Plaintiff will then be provided with one summons and
13 one USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the
14 United States Marshal to initiate service of process on Defendant Brouhas.

15       If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but
16 must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or
17 other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true,
18 the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .
19 . . ." Twombly, 550 U.S. at 555 (citations omitted).

20       Finally, as previously set forth, an amended complaint supercedes the original complaint,
21 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
22 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
23 pleading," Local Rule 15-220.  Therefore, "[a]ll causes of action alleged in an original complaint
24 which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to
25 London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
26 1474.

27 ///

28 ///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file a second amended complaint and is willing to proceed only against Defendant Brouhas; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   October 13, 2009**               **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE