# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VALLES,<br><br>    Plaintiff,<br><br>  v.<br><br>E. GREENMAN, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:08-CV-01888-LJO-DLB PC<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL (DOC. 32)<br><br>ORDER GRANTING MODIFICATION OF SCHEDULING ORDER<br><br>FEBRUARY 10, 2012 DISCOVERY CUT-OFF DATE |

    Plaintiff Christopher Valles ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendant M. Barajas for violation of the Eighth Amendment.

    On October 26, 2011, Defendant filed a motion to compel, which is pending before the Court. Doc. 32. Defendant's counsel attests that Plaintiff's deposition was noticed to take place on October 21, 2011. Mot. Compel, Kelly A. Yokley Decl. ¶ 4. She attests that on October 20, 2011, Defendant's counsel's secretary contacted the litigation coordinator at Avenal State Prison. *Id.* ¶ 5. She attests that the litigation coordinator informed the secretary that Plaintiff refused to attend the deposition because he had obtained counsel. *Id.* She attests that she mailed a letter to Plaintiff requesting the contact information of this attorney and her intent on filing a motion to compel. *Id.* ¶ 6. She attests that she has not received any information on Plaintiff's attorney. *Id.* Defendant requests a modification of the scheduling order as the discovery deadline, and to order Plaintiff to cooperate with the discovery process. Mot. Compel 4.

The Court is not aware of any appearance by an attorney on Plaintiff's behalf in this action. *See* L. R. 182(a) (providing rules for appearance by attorneys). Thus, the Court presumes that Plaintiff still proceeds pro se in this action.

A party must obtain leave of court, and the court must grant leave pursuant to Rule 26(b)(2), if the deponent is confined in prison. Fed. R. Civ. P. 30(a)(2)(B). Plaintiff is currently confined in prison. In this instance, a review of the court docket indicates that no such leave was requested. Because leave of court must always be obtained before the deposition of a prisoner may be taken, the Court may not impose sanctions for a prisoner's failure to attend a deposition for which no court order was obtained. *See Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003) (leave of court must be obtained even if the prisoner is the plaintiff and prison administrators have no objection to the deposition). Furthermore, Defendant appears to seek to conduct the deposition by video conference. Such deposition requires a stipulation by the parties or a motion for a court order. Fed. R. Civ. P. 30(b)(4). Defendant's motion to compel is without merit, and must be denied.

Defendant has also requested a modification of the scheduling order as to the discovery cut-off date. Defendant's request was made prior the discovery cut-off date of November 7, 2011. Good cause is required for the modification of the Court's schedule. Fed. R. Civ. P. 16(b)(4). Though Defendant's motion to compel is premised on erroneous application of the Federal Rules of Civil Procedure, Plaintiff's alleged rationale for refusing to attend the deposition also appears to be without merit. The Court will thus grant a modification of the schedule.

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to compel, filed October 26, 2011, is denied; and
2. Defendant's motion for modification of the discovery cut-off date, filed October 26, 2011, is granted. The discovery cut-off date is February 10, 2012.

IT IS SO ORDERED.

Dated:   **January 13, 2012**                    /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE