# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VALLES,<br><br>               Plaintiff,<br><br>    v.<br><br>M. BARAJAS,<br><br>               Defendant.<br>_____/ | CASE NO. 1:08-cv-01888-LJO-DLB PC<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. 48)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION (DOC. 47) |

## I.  Background

Plaintiff Christopher Valles ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint against Defendant M. Barajas for deliberate indifference in violation of the Eighth Amendment.  This action is set for trial before the Honorable Lawrence J. O'Neill on September 5, 2012.

Pending before the Court is 1) Defendant's motion for leave to file a dispositive motion, filed May 30, 2012, and 2) Plaintiff's motion for extension of time to file a response to Defendant's motion, filed June 12, 2012.  The Court will first address Plaintiff's motion.

## II.  Plaintiff's Motion For Extension Of Time

Plaintiff moves for an extension of time to respond to Defendant's motion.  However, Plaintiff's motion is unsigned.  Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, unsigned motions cannot be considered and must be stricken.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for extension of time is STRICKEN.

### III.     Defendant's Motion For Leave to File Dispositive Motion

Defendant moves for leave to file a dispositive motion. A brief history of the filings in this action is relevant to this request. On September 7, 2011, Defendant filed for an extension of time to conduct discovery.  On September 16, 2011, the Court granted this extension to November 7, 2011.  There was no mention of the dispostive motion deadline being extended.  On October 26, 2011, Defendant moved for a motion to compel Plaintiff to attend a deposition, which the Court denied, but did grant an extension of the discovery deadline.  Again, the Court did not extend the dispostive motion deadline.  On January 18, 2012, Defendant moved for leave to take a deposition of Plaintiff by video conference, which the Court granted, extending the discovery cut-off date for purposes of the deposition only.  Again, the Court did not extend the dispostive motion deadline.

On April 2, 2012, the Court issued a Second Scheduling Order, setting this action for trial.  Defendant did not file their motion for leave to file a dispositive motion until May 29, 2012.  The dispositive motion deadline, as set by the Court's first Scheduling Order, was November 17, 2011.  Doc. 21.  As Defendant is well-aware, Defendant filed motions to extend the discovery cut-off date, not motions to extend the dispositive motion deadline.  There is no mention in any of Defendant's prior motions that Defendant sought an extension of the dispositive motion deadline.

The decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  Pursuant to Federal Rule of Civil Procedure 16, a pretrial scheduling order "shall not be modified except upon a showing of good cause," and leave of court.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Here, Defendant has failed to present good cause.  First, Defendant did not move for a modification of the dispositive deadline until well after the dispositive motion deadline had

1 passed. Under Federal Rule of Civil Procedure 56(b), the time to file a motion for summary
2 judgment may be set by court order, as was the case here. The Court is not in a position to advise
3 any party on how they are to litigate this action.
4      Second, if this was error on the part of Defendant's counsel in failing to timely move for
5 a modification of the Court's schedule, Defendant's counsel has not demonstrated diligence.
6 Defendant's counsel was aware since April 2, 2012, that this matter was set for trial. Defendant
7 did not file a motion until May 29, 2012.
8      The Court does not find good cause. Accordingly, it is HEREBY ORDERED that
9 Defendant's motion for leave to file a dispositive motion, filed May 29, 2012, is denied.

11     IT IS SO ORDERED.
12     Dated:   **June 27, 2012**            /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE