# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VALLES,<br><br>  Plaintiff,<br><br>  v.<br><br>M. BARAJAS, et al.,<br><br>  Defendants. | Case No. 1:08-cv-01888-LJO-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DOCUMENTS**<br><br>ECF No. 63 |

Plaintiff Christopher Valles ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed November 9, 2009, against Defendant M. Barajas for deliberate indifference to a serious medical need in violation of the Eighth Amendment. On November 13, 2012, Plaintiff filed a motion requesting that the Court order the return of certain documents, filed November 13, 2012. The motion is construed as a motion for preliminary injunction. The matter is submitted pursuant to Local Rule 230(l).

Plaintiff contends that he provided the original documents of his case to an attorney who stated that he would represent him. The attorney subsequently did not respond. Plaintiff requests that the Court order the attorney to return Plaintiff's medical and legal documents.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985); Fed. R. Civ. P. 65(d).

The Court lacks jurisdiction over the attorney.  The attorney is not a party to this action.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion, filed November 13, 2012, is denied.

IT IS SO ORDERED.

Dated:   **April 26, 2013**                               /s/ Lawrence J. O'Neill
                                                                            UNITED STATES DISTRICT JUDGE