1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VALLES, | Case No. 1:08-cv-01888-LJO-DLB PC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SURREPLY** (ECF Nos. 67, 68, 69, 70) |
| v. | |
| M. BARAJAS, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED** (ECF Nos. 58, 59) |
| Defendant. | |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.    Background

Plaintiff Christopher Valles ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Second Amended Complaint, filed November 9, 2009, against Defendant M. Barajas for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  On October 4, 2012, Plaintiff filed a Motion for Summary Judgment.  ECF No. 58.  Defendants filed their opposition on October 24, 2012.  ECF No. 60.  The motion is submitted pursuant to Local Rule 230(l).

On October 12, 2012, Defendant filed a Motion for Summary Judgment.  ECF No. 59. Plaintiff filed his Opposition on November 13, 2012. [1]  ECF No. 62.  On December 4, 2012,

---

[1] Plaintiff was notified by Defendants of the requirements for opposing Defendants' motion for summary judgment in compliance with *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).

1    Defendant filed a Reply.  ECF No. 65.  The matter is submitted pursuant to Local Rule 230(l).[2]

2    **II.    Summary Judgment Standard**

3          Summary judgment is appropriate when it is demonstrated that there exists no genuine

4    dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law.

5    Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).

6    Under summary judgment practice, the moving party

7          always bears the initial responsibility of informing the district court of the basis for its
         motion, and identifying those portions of "the pleadings, depositions, answers to
8         interrogatories, and admissions on file, together with the affidavits, if any," which it
         believes demonstrate the absence of a genuine issue of material fact.
9

10   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the

11   burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in

12   reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"

13   *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon

14   motion, against a party who fails to make a showing sufficient to establish the existence of an

15   element essential to that party's case, and on which that party will bear the burden of proof at trial.

16   *Id.* at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's

17   case necessarily renders all other facts immaterial."  *Id.*  In such a circumstance, summary judgment

18   should be granted, "so long as whatever is before the district court demonstrates that the standard for

19   entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id.* at 323.

20         If the moving party meets its initial responsibility, the burden then shifts to the opposing

21   party to establish that a genuine dispute as to any material fact actually does exist.  *Matsushita Elec.*

22   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

23         In attempting to establish the existence of this factual dispute, the opposing party may not

24   rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form

25

26         [2] Plaintiff filed a response to Defendants' Reply on January 3, 2013.  ECF No. 68.  Plaintiff later filed a motion
     requesting to address the duties of a licensed vocational nurse.  ECF No. 69.  Defendant filed a Motion requesting that
27   Plaintiff's filing be stricken.  ECF No. 67.  Plaintiff filed an opposition to Defendant's motion on March 4, 2013.  ECF
     No. 70.  The Court treats Plaintiff's filings as a surreply.  Surreplies are not permitted by the Local Rules of this Court.
28   *See* L.R. 230(l) (motion is deemed submitted after filing of reply).  Plaintiff's response to Defendants' Reply, and motion
     to address the duties of a licensed vocational nurse, filed January 3, 2013 and January 18, 2013, are HEREBY
     ORDERED stricken.  Out of an abundance of caution, the Court has examined Plaintiff's surreply and finds that it would
     not change the analysis herein.

of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

## III.   Plaintiff's Motion for Summary Judgment

Pursuant to Local Rule 260(a), "Each motion for summary judgment or summary

1   adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate

2   discretely each of the specific material facts relied upon in support of the motion and cite the

3   particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other

4   document relied upon to establish that fact." Plaintiff's Motion for Summary Judgment fails to

5   comply with the requirements for the filing of a summary judgment motion. Plaintiff's motion has

6   no statement of undisputed facts, and fails to include any exhibits in support. Accordingly,

7   Plaintiff's motion should be denied.

8   **IV.   Defendant's Motion for Summary Judgment**

9          **A.   Statement of Facts[3]**

10         At all times relevant, Plaintiff was an inmate in the custody of CDCR, who has suffered from

11  type-two diabetes, high blood pressure and high cholesterol before and during his incarceration.

12  Pl.'s Second Am. Compl. (SAC) 4, ECF No. 10; Pl.'s Dep. 11:5-10; 13:21-14:1; 15:1-12. At all

13  relevant times herein, Defendant Barajas was a Licensed Vocational Nurse (LVN) working in the

14  Medical Clinic at Avenal State Prison (ASP). Barajas Decl. ¶ 1.

15         On October 26, 2007, Plaintiff underwent a podiatric consultation. The physician determined

16  that Plaintiff had an open wound on his right big toe. The physician's Recommendation indicates,

17  "the patient needs to continue [twice a day] dressing changes and clean the wound site with saline,

18  apply antibiotic ointment and protective wound dressing. Ex. 1, Medical Records of Pl., dated Oct.

19  26, 2007; Barajas Decl. ¶ 7.

20         On more than one occasion, Plaintiff showed up at the Medical Clinic for bandage changes,

21  when Defendant knew there had been no arrival of a Physician's Order addressing the care of

22  Plaintiff, or indicating the need for daily dressing changes.[4] Barajas Decl. ¶ 8. During this period of

23  time, Physician's Orders were not immediately available at the medical clinic where Defendant

24

25         [3]   The facts are taken from Defendants' Statement of Undisputed Facts. **Error! Main Document Only.**All
      facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil
26    Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R.
      260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a
27    citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other
      document relied upon in support of that denial").
             The Court will consider only those facts and evidence that are relevant to resolving the motion for summary
28    judgment.
             [4]   Plaintiff contends that Defendant Barajas contradicts herself because she did not receive any physician's order
      for Plaintiff until February 5, 2008. Plaintiff's argument is unpersuasive, as there is no apparent contradiction.

1  Barajas worked.  Presently, Physician's Orders are electronic, and available very quickly.  Barajas

2  Decl. ¶ 9.

3           As an LVN, Defendant Barajas was required to act in accordance with a Physician's Order.

4  Barajas Decl. ¶ 10. On February 5, 2008, Defendant Barajas received a Physician's Order for

5  Plaintiff indicating there should be sterile redress once a day for six weeks.  The Order does not state

6  if a nurse or the inmate has to make the daily dressing change.[5]  SAC 4; Ex. 2, Medical Records of

7  Pl., Physician's Order dated Feb. 5, 2008; Barajas Decl. ¶ 11.  Defendant Barajas changed Plaintiff's

8  bandages for him as ordered by his physician.  SAC 4; Barajas Decl. ¶ 12.  After at least ten days of

9  Plaintiff being present for his bandage changes, Defendant Barajas gave Plaintiff supplies to begin

10  changing his own bandages.  SAC 4.

11           None of the Physician's Orders prohibited Defendant Barajas from providing Plaintiff with

12  supplies to change his own bandages.  The March 21, 2008 order specifies the bandages are to be

13  given to the patient.  Exs. 1, 2, 3, 4.

14           By March 21, 2008, Plaintiff's physician stated the toe ulcer was healing, and ordered that

15  the patient be given a three-day supply, with three refills, of adhesive bandages.  Ex. 3, Medical

16  Records of Pl., Physician's Orders, dated Mar. 21, 2008; Barajas Decl. ¶ 13.  Defendant Barajas

17  provided Plaintiff with enough bandages to comply with the Physician's Order (three-day supply

18  with three refills), and told Plaintiff he would not be provided anymore without an order from a

19  physician.  Pl.'s Dep. 29:10-20; Barajas Decl. ¶ 14.  Defendant Barajas was familiar with past

20  instances at the institution where inmates other than Plaintiff would hoard supplies of bandages and

21  soap in order to manufacture weapons and/or weapon handles.  Barajas Decl. ¶ 15.

22           Plaintiff sometimes changed his bandages four times in one day because of the blood coming

23  out into his sock.  Plaintiff did not go to see his doctor for an order regarding more bandages, but

24  would try to get gauze from the medical clinic.  Plaintiff was told by corrections officers to not come

25  to the medical clinic because he did not have a ducat to be there.  Pl.'s Dep. 34:25-35:23.

26           By May 29, 2008, Plaintiff's physician indicated the toe ulcer was resolved.  Ex. 4, Medical

27  _____

28  [5] Plaintiff cites to Section 3350, Title 15 of the California Code of Regulations and CDCR's Department
Operations Manual section 91040.6 as proof that an inmate should not treat himself.  While those sections describe
generally that medical services are to be provided for inmates and nurses shall be on duty to provide nurse care, the
sections do not preclude Defendant's contention that the order does not state that an inmate or a nurse could do the daily
dressing change.

1 Records of Pl., Outpatient Interdisciplinary Progress Notes, dated May 29, 2008; Barajas Decl. ¶ 16.

2 On July 10, 2008, Plaintiff was seen by a podiatrist regarding orthopedic boots.  The wound again

3 required dressing changes.  LVN O'Kelly did the dressing changes from this point forward, and

4 Plaintiff had no further contact with Defendant Barajas about his foot.  Pl.'s Compl. 4; Pl.'s Dep.

5 41:17-42:12.  Plaintiff is a Type II diabetic.  Foot ulcers are known to heal slowly in diabetic

6 patients.  Plaintiff's ulcer healed in less than four months.  Pl.'s Compl. 4; Barajas Decl. ¶ 17.

7 **B.   Analysis**

8 Defendant contends that Defendant Barajas did not act with deliberate indifference to a

9 serious medical need, and in the alternative, that she is entitled to qualified immunity.  Def.'s Mot.

10 Summ. J. 9:21-16:17.

11 The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not

12 mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation

13 omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

14 Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

15 measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

16 doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296

17 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an

18 objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

19 "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

20 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate

21 health or safety . . . ." *Id.* at 837.

22 "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this

23 standard, the prison official must not only 'be aware of the facts from which the inference could be

24 drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

25 *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the

26 risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

27 risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

28 Based on the undisputed facts, even construed in the light most favorable to Plaintiff,

6

Defendant Barajas is entitled to summary judgment.  As to the subjective component of a deliberate indifference claim, there are no genuine disputes of material fact.  Defendant Barajas provided Plaintiff with bandage changes for ten days after receiving the February 5, 2008 order, provided Plaintiff with bandages for him to change, and then provided Plaintiff with a three-day supply and three refills after the March 21, 2008 order.  Plaintiff's complaint that Defendant Barajas should have done the changes amounts at most to a difference of opinion between a medical professional and an inmate, which fails to rise to the level of deliberate indifference.  *Franklin v. State of Or., State Welf. Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between medical authorities and prisoner regarding treatment does not give rise to § 1983 claim).  Negligence also would not rise to the level of deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

There is no genuine dispute of material fact as to Plaintiff's Eighth Amendment claim. Defendant Barajas is entitled to judgment as a matter of law.[6]

**V.    Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Plaintiff's Motion for Summary Judgment, filed October 4, 2012, should be denied;

2.   Defendant's Motion for Summary Judgment, filed October 12, 2012, should be granted; and

3.   Judgment should be entered for Defendant and against Plaintiff as to Plaintiff's sole claim for deliberate indifference to a serious medical need.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

---

[6] Because the Court finds that there is no genuine dispute of material fact as to the subject component of a deliberate indifference claim, the Court does not address Defendant's arguments regarding the objective component or qualified immunity.

Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 30, 2013**                              /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE